UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BENJAMIN STONER,**

      Plaintiff,                      Civil No.:

vs.

**J-QUINT, LLC, d/b/a McDONALD'S #7274**

      Defendant.              /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Benjamin Stoner, (herein after referred to as "Plaintiff"), by and through his undersigned counsel and sues the Defendant, J-QUINT, LLC, d/b/a McDonald's #7274 (herein after referred to as "Defendant") and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his former employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA").

## JUURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3. The venue is proper in this Court, over this controversy, because the employer's principal place of business is in Volusia County, Florida. Plaintiff performed work at one location in Volusia County, Florida.

## FACTUAL HISTORY

4. Plaintiff was, at all times material to this Complaint, employed by Defendant as a restaurant employee from approximately late March of 2020, through September 4, 2020.

5. The Defendant, J-QUINT, LLC, d/b/a McDonald's #7274, is a Florida Corporation which operated a fast-food restaurant.

6. Defendant is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiff was employed with the Defendant.

7. Plaintiff was an employee of Defendant at all times relevant to this Complaint the Defendant was engaged in commerce as defined by 29 U.S.C. section 207(a)(1).

8. The Defendant, in the alternative, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1) because the Defendant employed two or more employees who regularly engaged in selling, handling, or otherwise working on goods and/or materials that have been moved in or produced for interstate

commerce and, at all times during which Plaintiff was employed by the Defendant, the annual gross sales volume of Defendant was in excess of $500,000.00 (exclusive of excise taxes at the retail level).

9. While the number of hours worked by Plaintiff while in the employ of the Defendant varied, the Plaintiff, in good faith, believes he worked approximately 270 hours off the clock during his tenure of employment, approximately half of which were regular time and half of which were overtime performed during the time he worked for the Defendant.

10. Plaintiff has retained the services of Matthew E. Romanik, Esquire, of the law firm of Michael Ciochetti, PLLC, to represent him in this matter and has agreed to pay a reasonable attorney's fee and reimburse costs for representation in this matter.

## COUNT I
## VIOLATION OF THE STRAIGHT TIME AND OVERTIME PROVISIONS OF THE FLSA

11. Plaintiff restates and realleges the allegations in paragraphs 1-10.

12. During the time the Plaintiff was employed by the Defendant in this matter, the Defendant repeatedly and willfully violated section 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and

one-half times the regular rate, when he worked overtime and his regular rate in weeks in which he worked off the clock, but less than 40 hours, total.

13. On numerous weeks during which Plaintiff was employed with the Defendant, he performed more than 40 hours of work, yet was never compensated time and a half for more than 40 hours of work, despite the fact that numerous overtime hours were, in fact, worked by the Plaintiff.

14. On numerous weeks during which Plaintiff was employed with the Defendant, he performed less than a total of 40 hours of work, yet was commonly not fully compensated for all of the hours actually worked in those weeks he did not work overtime.

WHEREFORE, Plaintiff demands a Judgment against the Defendant, to include:

(a) Unpaid overtime wages which are due and owing to the Plaintiff as well as unpaid regular time wages which are due and owing to the Plaintiff.

(b) An additional amount equal to the unpaid overtime wages due and owing to the Plaintiff as liquidated damages.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs.

(e) Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 19th day of January, 2022.

Respectfully Submitted,

/s/Matthew E. Romanik
Attorney for Plaintiff
Matthew E. Romanik, Esq.
Michael Ciocchetti, PLLC
125 N. Ridgewood Avenue, Suite 100
Daytona Beach, FL  32114
Fla. Bar No.: 0062588
P:  386-317-7777
F:  386-845-0222
Matt@FloridaInsLaw.com
Attorney for Plaintiff

## Certificate of Compliance

I CERTIFY that this motion, is submitted in an acceptable front at least 13-point font, in compliance with the requirements of Local Rules of US District Court for the Middle District of Florida1.08(a) and (b).

/s/Matthew E. Romanik____
Matthew E. Romanik, B.C.S.
FBN.: 0062588
